UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

No. 00-4402

LAMONT PETTUS,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Southern District of West Virginia, at Huntington.
Joseph Robert Goodwin, District Judge.
(CR-99-227)

Submitted: February 28, 2001

Decided: April 19, 2001

Before MICHAEL and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Jeffrey Alan Holmstrand, MCDERMOTT & BONENBERGER,
P.L.L.C., Wheeling, West Virginia, for Appellant. Rebecca A. Betts,
United States Attorney, John C. Parr, Assistant United States Attor-
ney, Huntington, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Following a jury trial, Lamont Pettus was convicted on one count
of conspiracy to distribute cocaine base ("crack"), in violation of 21
U.S.C.A. § 846 (West 1999), and one count of aiding and abetting the
possession with intent to distribute crack, in violation of 21 U.S.C.A.
§ 841(a)(1) (West 1999), 18 U.S.C. § 2 (1994). The court sentenced
him to sixty-seven months in prison. Pettus appeals, raising five
grounds of error in his convictions and sentence. We find no merit to
his claims; consequently, we affirm.

I.

Pettus first argues that the evidence was insufficient to support his
convictions. A jury's verdict must be upheld if there is substantial evi-
dence in the record to support it. Glasser v. United States, 315 U.S.
60, 80 (1942). Pettus' claims essentially concern witness credibility.
However, in determining sufficiency of the evidence, this Court does
not review the credibility of the witnesses. United States v. Romer,
148 F.3d 359, 364 (4th Cir. 1998), cert. denied, 525 U.S. 359 (1999).
We find that the evidence presented at trial was sufficient to support
Pettus' convictions.

II.

Next, Pettus argues that his counsel provided ineffective assistance
at trial for failing to call a Federal Bureau of Investigation special
agent to testify. Ineffective assistance of counsel claims generally
should be raised by motion under 28 U.S.C.A. § 2255 (West Supp.
2000), rather than on direct appeal. To succeed on such a claim on
direct appeal, it must appear conclusively from the face of the record
that counsel provided ineffective representation. United States v.

2

<u>Richardson</u>, 195 F.3d 192, 198 (4th Cir. 1999), <u>cert. denied</u>, 528 U.S. 1096 (2000).

Pettus was charged with and convicted of selling crack on November 2, 1999. The agent testified at the preliminary hearing that the confidential informant did not purchase crack directly from Pettus on November 2, 1999. At trial, two witnesses, including the confidential informant, testified that Pettus sold crack to the informant on November 2. Neither the government nor Pettus' attorney called the special agent to testify. Pettus contends that the agent's testimony would have contradicted that of the other witnesses and would have created reasonable doubt concerning Pettus' participation in the November 2 drug sale. At the sentencing hearing, Pettus' counsel explained that much of the special agent's testimony would have been inadmissible hearsay. The relevant testimony was that of the actual eyewitnesses to the drug transactions and these individuals testified at trial. These witnesses were presented by the government and were cross-examined by defense counsel who succeeded in obtaining an acquittal for his client on another count in the indictment charging him with aiding and abetting the distribution of crack on November 4, 1999. We find that Pettus cannot show conclusively from the face of the record that counsel was ineffective.

III.

Pettus asserts that the district court erred by allowing the government to provide the jury with a transcript of the audiotaped November 2 drug transaction. The tape was admitted without objection. One of the participants in the recorded conversation, confidential informant Juanita Willis, identified Pettus as one of the speakers. Pettus argues that the district court erred by allowing the jury to view the transcript, which identified him as a speaker, and by failing to give a cautionary instruction to the jury at the close of evidence. However, the court instructed the jury, both before and after playing the tape, that the tape itself was the evidence and that it was up to the jury to decide whether the transcript was accurate and whose voices were on the tape. We find no abuse of discretion. <u>United States v. Collazo</u>, 732 F.2d 1200, 1203-04 (4th Cir. 1984).

3

IV.

The district court held Pettus accountable for 5.95 grams of crack: the .45 gram quantity he sold to a confidential informant on November 2, 1999 and a "G-bomb," which the court determined weighed 5.5 grams, that was delivered on November 3, 1999, to the apartment from which Pettus and his co-conspirators sold drugs.

Pettus argues that there was no evidence linking him to the G-bomb. However, the government presented undisputed evidence that Pettus arrived at the apartment on November 1, 1999, began training that day to sell drugs from the apartment, and was involved in the sale of .45 gram of crack from that location on November 2. The G-bomb was delivered on November 3. Pettus was in the apartment on November 4 during a controlled drug buy and was arrested in the apartment immediately following the controlled buy. A co-conspirator testified that when the police arrived, Pettus disposed of any remaining crack by flushing it down the toilet. We find that the district court did not clearly err by concluding that the quantity of drugs in the G-bomb was attributable to Pettus. United States v. Randall, 171 F.3d 195, 210 (4th Cir. 1999).

Pettus also argues that the district court improperly calculated the amount of drugs attributable to him beyond the .45 gram from the November 2 controlled buy. As stated above, the other quantity of drugs attributed to Pettus came from the G-bomb delivered on November 3. One of Pettus' co-conspirators testified that a G-bomb contains about fifty rocks of crack. The government calculated that the G-bomb contained 5.5 grams of crack, estimating that each rock weighed .11 gram based on the smallest quantity sold from the apartment. We find that the district court did not clearly err by adopting this calculation and attributing 5.95 grams of crack to Pettus--the .45 gram amount sold on November 2 and the 5.5 gram G-bomb delivered to the apartment on November 3.

V.

A month after Pettus was sentenced, the Supreme Court of the United States issued its decision in Apprendi v. New Jersey, 530 U.S. 466 (2000). Under Apprendi, any fact, other than a prior conviction,

4

that increases the maximum penalty for a crime is an element of the offense, and as such, must be charged in the indictment, submitted to a jury, and proven beyond a reasonable doubt. Pettus argues that his sentence violates Apprendi because he was sentenced based upon drug quantities not charged in the indictment. Every circuit to consider Apprendi in the context of 21 U.S.C.A.§ 841(b) has concluded that the statutory maximum when drug quantity is not treated as an element of the offense is twenty years. United States v. White, 238 F.3d 537, 542 (4th Cir. 2001) (collecting cases). Pettus' sentence of sixty-seven months falls well below the 240-month maximum in 21 U.S.C.A. § 841(b)(1)(C), and thus, under the authorities cited in White, does not implicate Apprendi.

VI.

For these reasons, we affirm Pettus' convictions and sentence.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
_____

*We grant Pettus' motion to file a reply brief out of time and reject his claims asserted therein, including his claim that, based on Apprendi, drug quantity must be charged in the indictment if it affects the mandatory minimum sentence. See United States v. Harris, ___ F.3d ___, 2001 WL 273146 (4th Cir. Mar. 20, 2001).

5